IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR BOLANO,<br><br>          Plaintiff,<br><br>     v.<br><br>BURLINGTON COAT FACTORY DIRECT CORPORATION and DOES 1-20<br><br>          Defendants.<br>_____/ | No. C 08-04330 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE** |

Plaintiff has filed a motion to dismiss his complaint with prejudice. The motion is scheduled for hearing on June 26, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing and the case management conference scheduled for the same day. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS plaintiff's motion.

**DISCUSSION**

On August 22, 2008, plaintiff Victor Bolano filed a complaint against defendant Burlington Coat Factory Direct Corporation in San Francisco Superior Court, alleging claims for age discrimination and wrongful termination. Defendant removed to this Court on September 15, 2008, invoking diversity jurisdiction. Plaintiff, apparently inadvertently, waived his right to a jury trial by failing to file a timely demand pursuant to Federal Rule of Civil Procedure 38(b).

Plaintiff now moves to dismiss this entire action with prejudice, on the grounds that he sued the

wrong Burlington entity.[1] Defendant, a New Jersey corporation with its principal place of business in New Jersey, has represented in the course of discovery that it never employed plaintiff. *See* Decl. of John G. Lee in Supp. of Def.'s Opp. ("Lee Decl."), ex. A at 3-5 (Response to Request for Admissions). Thus, it appears to agree that it is not the correct defendant.

Defendant argues that plaintiff should not be permitted to dismiss the complaint and further that, if dismissal is granted, it should be awarded costs and attorneys' fees. Federal Rule of Civil Procedure 41(a)(2) provides in relevant part, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Pro. 41(a)(2). "In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal. Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982) (citations omitted). In addition, "expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

Defendant raises several arguments in opposition to plaintiff's motion. First, defendant argues that plaintiff is engaging in forum shopping and that defendant should not be deprived of its right to a federal forum. The Court finds that defendant's concerns about forum shopping are not warranted. On this record, it appears that the proper defendant is the California entity that employed plaintiff. Thus, state court is the appropriate forum for this action. Defendant will not be forced to litigate this case in state court as defendant is not named in the new complaint plaintiff filed in San Francisco Superior Court.

Second, defendant argues that plaintiff should not be able to revive his right to a jury trial by filing a new case in state court. Again, the Court finds that defendant's concerns are not warranted as defendant is not involved the new action in San Francisco Superior Court. The authorities cited by defendant are inapposite because they involve plaintiffs who attempted to refile the *same* cases in order

---

[1] On May 18, 2009, he filed a new case in San Francisco Superior Court against a different Burlington entity, Burlington Coat Factory of California, LLC, which is the Burlington store where plaintiff worked. *See* Lee Decl., ex. D.

to cure their untimely jury demands.

Third, defendant argues that it would be prejudiced by being forced to start again in state court after litigating this case for nine months. As dismissal with prejudice disposes of this action "as if the case had been adjudicated in [defendant's] favor after a trial," *Colombrito v. Kelly*, 764 F.2d 122, 134 (2d Cir. 1985), defendant will not face subsequent litigation. As noted above, plaintiff has not named defendant in the state court case.

Defendant requests that, in the event plaintiff's request for dismissal is granted, it be permitted only if plaintiff is required to (1) refile his case against the California entity without a jury demand, (2) reimburse defendant for costs it has incurred in this litigation, and (3) reimburse defendant for attorneys' fees. While attorneys' fees are rarely awarded when a case is voluntarily dismissed with prejudice, *Colombrito*, 764 F.2d at 134, costs that cannot be used in subsequent litigation of the same claim are generally recoverable, *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985). The Court denies defendant's first request, as this Court has no jurisdiction over the case plaintiff has filed in San Francisco Superior Court. As for defendant's second request, the Court agrees that defendant may recover costs that are unique to this action, which would be the $350 removal filing fee. Defendant may not recover costs related to discovery, as much of this work is likely applicable in the case against the California entity. Defendant's third request, for attorneys' fees, is denied, as plaintiff seeks to dismiss his complaint with prejudice.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to dismiss his complaint with prejudice. Plaintiff is ORDERED to pay $350 to defendant as reimbursement for its removal filing fee. Defendant's requests for other costs and fees are DENIED.

**IT IS SO ORDERED.**

Dated: June 23, 2009

SUSAN ILLSTON
United States District Judge